IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| ADDISON DAVILA, on behalf of himself and all other others similarly situated,<br><br>                 Plaintiffs,<br><br>v.<br><br>SJ Perry LLC d/b/a Chick-fil-A/Newmarket DTO (04385),<br><br>                 Defendant. | Civil Action No. _____ |

## COLLECTIVE ACTION COMPLAINT

1.  SJ Perry LLC ("SJ Perry"), which does business as Chick-fil-A/Newmarket DTO (04385), is a franchisee of the international fast food chain Chick-Fil-A and operates two restaurants, located at 5018 Mercury Boulevard, Hampton, Virginia ("Newmarket Location") and 110 Market Place Drive, Hampton, Virginia.  SJ Perry is violating the Fair Labor Standards Act ("FLSA") by failing to pay its hourly employees for their time spent tabulating cash received from customers at the end of their shifts, a required and necessary task, thus depriving them of rightful compensation for their work that Defendant is legally obligated to pay.

2.  Plaintiff works for Defendant as an hourly-paid employee and is suffering ongoing damages by being denied the compensation he is due under the FLSA.  Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former hourly employees to recover unpaid compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

{01305553-1 }

## I.  JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. This Court has personal jurisdiction over Defendant because Defendant is incorporated in Virginia and has its principal place of business in Virginia.

5. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this judicial district.  28 U.S.C. § 1391(b)(2).

## II.  THE PARTIES

6. Plaintiff Addison Davila works as an hourly employee for Defendant.  He regularly works without compensation at the end of his shift tabulating cash received from customers in the form of payment and tips without compensation, in violation of the FLSA.  Mr. Davila's consent is attached hereto as Exhibit A.

7. The FLSA class of similarly situated employees consists of all current and former hourly employees who were employed by Defendant during the three-year period preceding the filing of this Complaint and who spent time tabulating cash received from customers at the end of their shifts.  These similarly situated individuals are referred to as the "Members of the Class."

8. Defendant SJ Perry is a franchisee of Chick-Fil-A that operates two restaurants, located at 5018 Mercury Boulevard, Hampton, Virginia and 110 Market Place Drive, Hampton, Virginia.  SJ Perry's principal office address as registered with the Virginia State Corporation Commission is 110 Market Place Drive, Hampton, VA 23666-0000.  SJ Perry's registered agent is CT Corporation System, with a registered office address of 4701 Cox Road, Suite 285, Glen Allen, VA 23060-6808.

9. SJ Perry is engaged in commerce in the United States and is otherwise subject to the FLSA. SJ Perry employed Plaintiff and Members of the Class within the meaning of the FLSA.

### III. BACKGROUND

10. The preceding paragraphs are incorporated by reference.

11. Chick-fil-A is a fast-food restaurant chain specializing in chicken sandwiches. Headquartered in College Park, Georgia, Chick-fil-A operates over 2,600 restaurants across the United States and Canada.

12. Chick-fil-A runs a franchise business model whereby franchisees are authorized to use the trademark, branding and systems of Chick-fil-A.

13. Defendant is a franchisee that operates the Chick-fil-A at the Newmarket Location.

14. Upon information and belief, Defendant has operated the Newmarket Location for two years.

15. Due to Chick-fil-A's considerable popularity, the queue at a Chick-fil-A drive thru can be exceptionally long, especially during peak hours.

16. In response, Chick-fil-A has adopted an expedited ordering system for drive-thru customers.

17. In this system, which Chick-fil-A calls "Face to Face" ordering, employees on foot take the orders of customers in line and relay them to the kitchen, allowing cars to move through more quickly than they do at a traditional speaker box drive-thru.

18. Employees assigned to this role carry tablets for taking and processing orders paid by credit card; they also carry pouches with money for customers who pay in cash.

19. Mr. Davila has worked at the Newmarket Location since September 2022.

20. Among other responsibilities, Mr. Davila is one of the employees tasked with carrying out the "Face to Face" ordering system at the Newmarket Location.

21. At the Newmarket Location, a substantial number of customers in the drive-thru line pay in cash.

22. Consequently, the cash must be counted, allocated and sorted in a cash register at the end of each shift.

23. This process takes approximately 15 to 25 minutes per day.

24. Defendant has refused to compensate Mr. Davila—or any other employee—for this work, considering it post-shift and therefore not warranting compensation.

25. Upon information and belief, this illegal practice is prevalent at other Chick-fil-A restaurants.

## IV.   PLAINTIFF'S INDIVIDUAL ALLEGATIONS

### A.   *Defendant Failed to Properly Compensate Mr. Davila.*

26. The preceding paragraphs are incorporated by reference.

27. Mr. Davila has been employed continuously by Defendant at the Newmarket Location since September 13, 2022 at a rate of $15.50 per hour.

28. Mr. Davila has worked approximately 980 hours at the Newmarket Location, including overtime hours.

29. Understanding that Mr. Davila does not have access to his day-by-day timesheets, Mr. Davila cannot perform an exact calculation of exactly how many uncompensated hours he has worked since September 13, 2022. However, by determining the number of business days in each pay period and the number of those days for which he was assigned to the "Face to Face" ordering

role, Mr. Davila has calculated that he likely worked at least 47 hours for which he has not received compensation.

30. The FLSA and applicable regulations requires Defendant to pay all employees engaged in commerce or in the production of goods for commerce, minimum wages for their work in an amount set by federal law. Section 218 of the FLSA, 29 U.S.C. § 218(a), provides that employers pay such minimum wages as established by state law, should it be higher than the federal minimum.

31. By failing to pay Mr. Davila as described above, Defendant has deprived Mr. Davila of significant compensation to which he is rightfully entitled.

32. Defendant's continuing refusal to compensate Mr. Davila will also deprive Mr. Davila of significant future compensation to which he is rightfully entitled.

### B. *Defendant Willfully Violated the FLSA.*

33. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours worked. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Mr. Davila. Defendant failed to follow these rules by failing to compensate Mr. Davila for his time spent tabulating cash received from customers at the end of his shifts, a required and necessary task.

34. Defendant has an established practice of not paying the employees at the Newmarket Location the proper rate for hours worked tabulating cash received from customers at the end of their shifts. Defendant should have paid Mr. Davila and other similarly situated employees their regular hourly rate for time spent tabulating cash received from customers at the end of their shifts.

35. Tabulating cash receipts (or in common parlance, "closing out") is compensable work within the ambit of the FLSA. *See, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 513 (2d Cir. 2020); *Harris v. Chipotle Mexican Grill, Inc.*, 2017 U.S. Dist. LEXIS 90302, at *25 n.6 (D. Minn. June 12, 2017).

36. Indeed, the Department of Labor has previously obtained summary judgment against employers for violating Section 6 of the FLSA for failing to pay employees "for time spent counting the cash register drawer . . . ." *Scalia v. Shalimar Distribs*. LLC, 2020 U.S. Dist. LEXIS 132996, at *6 (M.D. Pa. July 28, 2020).

37. When Mr. Davila informed one of SJ Perry's owners of the Newmarket Location's illegal practice, the owner told him they would discuss the issue.

38. Mr. Davila repeatedly raised the issue with the owner, but the owner declined to rectify the practice.

39. Defendant therefore knew or have known of their reckless disregard for the requirements of the FLSA with respect to compensation for Mr. Davila.

### V. FLSA COLLECTIVE ACTION ALLEGATIONS UNDER 29 U.S.C. § 216(B)

40. The preceding paragraphs are incorporated by reference.

41. Mr. Davila is aware that Defendant's illegal pay practice has been imposed on Members of the Class.

42. Like Mr. Davila, Members of the Class are employed by Defendant as hourly-paid workers, who perform(ed) the same or similar duties as Mr. Davila, as described above. As with Mr. Davila, Members of the Class performed substantial work for which they were not properly compensated in accordance with the FLSA.

43. Upon information and belief, the Members of the Class are/were also not properly paid for all hours worked, as described above with regard to Mr. Davila.

44. Defendant's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, it is a practice of Defendant to refuse to pay employees for time spent tabulating cash received from customers at the end of their shifts, a required and necessary task.

45. As such, the Members of the Class are owed additional compensation plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Mr. Davila.

46. Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly-paid employees who were employed by Defendant during the three-year period preceding the filing of this complaint.**

47. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

48. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VI.   CAUSES OF ACTION

49. The preceding paragraphs are incorporated by reference.

50. As set forth above, Defendant violated the FLSA by failing to properly compensate Mr. Davila and Members of the FLSA Class, as described above.  29 U.S.C. § 206(a)(1).

51. Mr. Davila and Members of the Class are entitled to recover compensation at their regular wages for all hours worked performing necessary job duties.  29 U.S.C. §§ 206, 216(b); 29 CFR § 1620.33.

52.   In addition, Mr. Davila and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid regular wages.  29 U.S.C. § 216(b); 29 CFR § 1620.33.

53.   Moreover, Mr. Davila and Members of the Class are entitled to reasonable attorneys' fees and costs.  *Id*.

## VII.   JURY DEMAND

54.   Mr. Davila demands a jury trial.  Any required jury fee will be timely paid.

## PRAYER

WHEREFORE, Mr. Davila requests that this Court enter final judgment against Defendant SJ Perry for:

1.   Damages for the full amount of unpaid compensation due under the FLSA in favor of Mr. Davila and Members of the Class;

2.   An amount equal to unpaid compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Mr. Davila and Members of the Class;

3.   Reasonable attorneys' fees, costs and expenses of this action;

4.   Pre-judgment and post-judgment interest at the highest rate allowed by law; and

5.   Such other and further relief as may be allowed by law.

DATED this 14th day of March, 2023.          Respectfully submitted,

By: */s/ David W. Thomas*
David W. Thomas, Esq.
Virginia Bar No. 73700
MichieHamlett PLLC
310 4th Street NE, 2nd Floor
PO Box 298
Charlottesville, Virginia 22902
Phone: 434-951-7224
Fax: 434-951-7244
dthomas@michiehamlett.com
*Attorney for Plaintiff*