IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| ADDISON DAVILA, | |
| **Plaintiff,** | |
| v. | Case No: 4:23-cv-00033 |
| SJ PERRY LLC, | |
| **Defendant.** | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant SJ Perry LLC ("SJ Perry") moves this Court to dismiss, in part, the Plaintiff's Amended Complaint on the grounds that the Plaintiff fails to state a claim for minimum wages under the FLSA for which relief can be granted. In support, the Defendant states:

**I.     Introduction**

On March 14, 2023, Plaintiff filed his original Complaint against SJ Perry alleging that SJ Perry has violated the minimum wage and overtime requirements of the FLSA. ECF No. 1. SJ Perry filed a Motion to Dismiss that Complaint on April 7, 2023. ECF No. 4. In response, Plaintiff filed his Amended Complaint, asserting the same causes of action under the FLSA. ECF No. 10. However, Plaintiff's minimum wage claim suffers the same fatal defect as it did in the original Complaint; the claim relies on a fundamental misunderstanding of the FLSA's requirements. Plaintiff fails to adequately plead a cause of action for minimum wages under the FLSA and, for the reasons set forth in greater detail below, SJ Perry respectfully requests that the Court grant its Partial Motion to Dismiss and dismiss Plaintiff's minimum wage claim.

## II. Legal Argument

### A. Standard of Review

To survive a motion to dismiss under Federal Rule 12(b)(6), a Plaintiff is obligated to "provide the grounds of his entitlement to relief," including "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  A complaint may withstand a motion to dismiss if it contains plausible factual allegations that demonstrate something more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. at 668 (2009). Satisfying this obligation "requires more than labels and conclusions…[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Although a court evaluating a Defendant's motion to dismiss must assume that all facts alleged in the complaint are true, the court need not accept unsupported legal allegations. *Revene v. Charles County Comm'rs*, 882 F. 2d 870, 873 (4th Cir. 1989). Nor must a court accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Conclusory assertions are insufficient to meet the requirements of Rule 12(b)(6). *See Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

To pass muster under Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief *above the speculative level*…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. (emphasis added) ("[T]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). To survive a motion to dismiss under Rule 12(b)(6), Plaintiff must plead "more than labels and conclusions" and more than "a formulaic recitation of the elements" of a claim. *Twombly*, 550 U.S. at 555–56. As set

forth below, Plaintiff fails to satisfy this pleading standard.

### 1. The Plaintiff Fails to Assert a Viable Claim for Unpaid Minimum Wages

Plaintiff repeatedly concludes that SJ Perry failed to pay the minimum wage owed to him under the FLSA. *See generally* ECF No. 10. However, Plaintiff fails to allege any factual support for this conclusion. In fact, Plaintiff's only specific allegations suggest that SJ Perry fully satisfied its obligations to pay the minimum wages owed to Plaintiff's under the FLSA. As such, Plaintiff's claim for minimum wages under the FLSA is fatally flawed, implausible on its face, and must be dismissed.

The minimum wage established under the FLSA is $7.25 per hour. *See* 29 U.S.C. § 206(a). However, Section 218(a) of the FLSA requires employers to pay employees at least either the federal minimum wage or the applicable state or local rate, whichever is higher. *Balbed v. Eden Park Guest House, LLC*, 881 F.3d 285, 288 (4th Cir. 2018). The minimum wage in Virginia as of January 1, 2023 is $12.00 per hour. Va. Code § 40.1-28.10(D). The minimum wage in Virginia from September 2022 until January 2023 was $11.00 per hour. *Id.* § 40.1-28.10(C). Accordingly, to bring his claim for unpaid minimum wages under the FLSA, Plaintiff must allege that he was not paid at a minimum rate of $11.00 per hour in 2022 and at a minimum rate of $12.00 per hour in 2023.

Critically, however, "[t]he FLSA does not guarantee that employees are paid for every hour of work and does not allow for employees to recover more than the statutory minimum wage." *Avery v. Chariots for Hire*, 748 F. Supp. 2d 492, 501 (D. Md. Sept. 16, 2010) (citing *Blankenship v. Thurston Motor Lines*, 415 F.2d 1193 (4th Cir. 1969) (adopting the principle that "there [is] no statutory violation [under the FLSA] so long as each employee received during each week compensation equal to or exceeding the product of the total number of hours worked

and the statutory minimum hourly rate")). Taking the principle set forth by the Fourth Circuit Court of Appeals in *Blankenship*, it directly follows that "wages are sufficient if the average hourly wage, calculated by dividing the total wage paid to [an employee] during any given week … by the total time he worked that week, is greater than $7.25 for each week of employment." *Hardison v. Healthcare Training Solutions, LLC*, 2016 U.S. Dist. LEXIS 109126, at *7 n.3 (D. Md. Aug. 17, 2016) (internal citations and quotations omitted).

In the Amended Complaint, Plaintiff alleges that he has been employed by SJ Perry at a rate of $15.50 per hour since September 13, 2022, and "estimates that he worked at least 30 hours [in that time] for which he has not been compensated." ECF No. 10, ¶¶ 27-29. These allegations are insufficient to establish a claim for minimum wages under the FLSA. Taking Plaintiff's allegations as true for the purposes of this Motion, Plaintiff still has not alleged that his average hourly wage was, in any workweek or pay period, less than the required minimum wage for the specific period in time.

The specific allegations of fact in the Amended Complaint demonstrate the point. The Amended Complaint draws attention to a pay period "which began October 30, 2022 and ended November 12, 2022." ECF No. 10, ¶¶ 30-33. In total, according to Plaintiff, he worked 94.87 hours in this period, and did not receive any compensation for approximately 3.33 of those hours. *Id.* ¶¶ 30-31. Under the Fourth Circuit's formula in *Blankenship*, Plaintiff's average hourly wage for this period is calculated as follows:

- 94.87 total hours – 3.33 uncompensated hours = **91.54 compensated hours**
- 91.54 compensated hours x $15.50 per hour = **$1,418.87 total compensation**
- $1,418.87 total compensation / 94.87 total hours = **$14.96 per hour average wage**

Plainly, taking the Plaintiff's allegations as true, SJ Perry exceeded its minimum wage

4

requirements under the FLSA.

Plaintiff's minimum wage claim is premised on the notion that "[b]y requiring Mr. Davila to work hours for which he was not compensated at all, [SJ Perry] failed to pay Mr. Davila the required minimum wage." ECF No. 10, ¶ 35. Plaintiff's claim relies on a fundamental misunderstanding of the FLSA's minimum wage requirements. As stated in *Blankenship*, an employee need not be paid for every hour worked, so long as the employee's average hourly wage meets or exceeds the applicable minimum wage. Not only does Plaintiff fail to allege that his average hourly wage was less than the required minimum at any point during his employment, Plaintiff's only specific allegations of fact demonstrate that SJ Perry exceeded its minimum wage obligations under the FLSA. For these reasons, the Court should dismiss Plaintiff's minimum wage claim.

### III.     Conclusion

For the foregoing reasons, Defendant SJ Perry LLC respectfully requests that this Court grant its Motion to Dismiss the Amended Complaint.

Dated:  May 10, 2023                               Respectfully submitted,

**SJ PERRY LLC**

By: _____/s/_____
Kristina H. Vaquera (VSB No. 43655)
Shaun M. Bennett (VSB No. 93391)
Olivia R. Cohen (VSB No. 98149)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:    (757) 648-1445
Facsimile:    (757) 648-1418
E-mail:       kristina.vaquera@jacksonlewis.com
              shaun.bennett@jacksonlewis.com
              olivia.cohen@jacksonlewis.com
*Counsel for SJ Perry LLC*