**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | |
|---|---|
| **ADDISON DAVILA,** | |
| **Plaintiff,** | |
| v. | Case No: 4:23-cv-00033 |
| **SJ PERRY LLC,** | |
| **Defendant.** | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's Opposition brief (ECF No. 14) disregards the crux of SJ Perry's Partial Motion to Dismiss. Summarizing Plaintiff's opposition brief, Plaintiff argues that the Court should deny the Motion to Dismiss Plaintiff's *minimum wage* claim because Plaintiff asserts a particular type of *overtime wage* claim. As explained in further detail below, Plaintiff's arguments fail to mount a sufficient challenge to Defendant's Partial Motion to Dismiss, and, as such, the Court should dismiss Plaintiff's minimum wage claim.

At the outset, it is critical to note that Plaintiff's Amended Complaint asserts two distinct causes of action under the Fair Labor Standards Act. First, the Amended Complaint alleges that "[b]y requiring Mr. Davila to work hours for which he was not compensated at all, *Defendant failed to pay Mr. Davila the required minimum wage*." ECF No. 10, ¶ 35 (emphasis added); *see also id.* at ¶¶ 38, 62, 69 (alleging violations of the FLSA's minimum wage requirements under 29 U.S.C. § 206). Second, the Amended Complaint asserts that SJ Perry "*also failed* to pay the required *overtime wage*." *Id.* at ¶ 35 (emphasis added). SJ Perry's Partial Motion to Dismiss only seeks dismissal of Plaintiff's minimum wage claim; it does not seek dismissal of Plaintiff's

overtime claim. *See generally* ECF No. 13.

Plaintiff's opposition argument relies on the assertion that *Conner v. Cleveland Cty.*, 22 F.4th 412 (4th Cir. 2022), "forecloses" the minimum wage analysis articulated in *Blankenship v. Thurston Motor Lines*, 415 F.2d 1193 (4th Cir. 1969). Plaintiff contends that, because his claim for unpaid overtime wages is an "overtime gap time" claim, SJ Perry's Motion to Dismiss must be denied. Notably, *Conner* does not mention *Blankenship* at all, and the discrete issue in *Conner* was "whether [an] alleged underpayment [was] a violation of the *overtime provision* of the Fair Labor Standards Act, under the theory of 'overtime gap time.'" *Conner*, 22 F.4th at 416.

Indeed, "overtime wage gap claims" are, fundamentally, claims for unpaid overtime wages arising under 29 U.S.C. § 207; they are not claims for unpaid minimum wages under 29 U.S.C. § 206. *See Conner*, 22 F.4th at 424 ("[A]n overtime gap time violation is a species of overtime violation…."). *Conner*, which relates exclusively to a particular species of overtime claim under 29 U.S.C. § 207, has no bearing on whether the Court should dismiss Plaintiff's minimum wage claim arising under 29 U.S.C. § 206 per the analysis articulated in *Blankenship* and its progeny.

SJ Perry's opening memorandum in support of its Partial Motion to Dismiss plainly seeks dismissal only of Plaintiff's minimum wage claim; it does not seek dismissal of Plaintiff's overtime wage claim. SJ Perry's opening memorandum clearly demonstrates that Plaintiff's minimum wage claim is unsupported by the allegations of the Amended Complaint. Plaintiff's argument, which is based only upon a kind of overtime wage violation, fails to address SJ Perry's argument favoring dismissal of his minimum wage claim. For these reasons, Defendant SJ Perry LLC respectfully requests that this Court grant its Partial Motion to Dismiss the Amended Complaint.

Dated: May 30, 2023

Respectfully submitted,

**SJ PERRY LLC**

By: _____/s/_____
Kristina H. Vaquera (VSB No. 43655)
Shaun M. Bennett (VSB No. 93391)
Olivia R. Cohen (VSB No. 98149)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:   (757) 648-1445
Facsimile:   (757) 648-1418
E-mail:   kristina.vaquera@jacksonlewis.com
shaun.bennett@jacksonlewis.com
olivia.cohen@jacksonlewis.com
*Counsel for SJ Perry LLC*