UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

ADDISON DAVILA,

        Plaintiff,

v.                                                                         Action No. 4:23cv33

SJ PERRY LLC,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on defendant SJ Perry LLC's ("SJ Perry") partial motion to dismiss plaintiff Addison Davila's ("Davila") amended collective action complaint ("amended complaint"), ECF No. 10, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 12. The case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(c) and Federal Rule of Civil Procedure 73. ECF No. 26. For the following reasons, the Court **ORDERS** that SJ Perry's partial motion to dismiss is **GRANTED**.

### I.  PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Davila filed an amended complaint on April 26, 2023, alleging that SJ Perry failed to pay its hourly employees minimum wages and overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), and retaliated against Davila, in violation of the FLSA's anti-retaliation provision, in response to his filing of a lawful claim. ECF No. 10. SJ Perry filed a partial motion to dismiss Davila's amended complaint on May 10, 2023, for failure to state a claim upon which relief can be granted. ECF No. 12. Davila filed an opposition and SJ Perry replied. ECF Nos. 14–15. SJ Perry seeks dismissal of Davila's minimum wage claim. ECF No. 15.

Davila, an employee of SJ Perry since September 13, 2022, has been continuously employed throughout that time period and compensated at a rate of $15.50 per hour. ECF No. 10 ¶¶ 19, 26. Among other responsibilities, Davila is one of the employees tasked with carrying out the "Face to Face" ordering system, whereby employees on foot take the orders of customers in the drive-thru line to make for an expedited ordering process. *Id.* at ¶¶ 16–17, 20. A substantial number of drive-thru customers pay in cash, which must be counted, allocated, and sorted in a cash register at the end of each shift. *Id.* at ¶¶ 21–22. SJ Perry refuses to compensate Davila, or any other employee, for this counting and sorting of cash into the register at the end of each shift, a process that takes approximately 15 to 25 minutes per day, considering it as post-shift activities and thus not requiring compensation. *Id.* at ¶¶ 23–24.

Based on the pay stubs that Davila has in his possession, he estimates that, from September 13, 2022 through February 4, 2023, he has worked at least 30 hours for which he has not been compensated, at least 13.33 of which were uncompensated overtime. *Id.* at ¶¶ 29, 32. Plaintiff estimates that these uncompensated hours equate to at least $258.33 for regular unpaid hours, and at least $310.00 in unpaid overtime compensation. *Id.* at ¶ 33.

## II.   DISCUSSION

### A.   Standards applicable to a motion to dismiss for failure to state a claim.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Federal Rule 12(b)(6) should be granted if a complaint fails to allege "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*,

980 F.2d 943, 952 (4th Cir. 1992).

Accordingly, when reviewing a motion to dismiss, a court must "assume all [well-pled facts] to be true" and "draw all reasonable inferences in favor of the plaintiff," but it need not "accept the legal conclusions drawn from the facts, and [] need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citations and internal quotation marks omitted).

**B.     How courts determine compliance with FLSA minimum wage standards.**

The FLSA was enacted to protect workers from "substandard wages and oppressive working hours." *Trejo v. Ryman Hosp. Props., Inc.,* 795 F.3d 442, 446 (4th Cir. 2015). To fulfill this purpose, the statute requires employers to pay employees a minimum wage. *Conner v. Cleveland County, North Carolina*, 22 F.4th 412, 420 (4th Cir. 2022). Specifically, the FLSA requires employers to pay their employees an hourly minimum wage at either the federal minimum wage rate or the applicable state or local rate, whichever is greater. *See* 29 U.S.C. § 218. The current federal minimum wage rate established under the FLSA is $7.25 per hour. *Id.* § 206(a). The minimum wage rate in Virginia through December 31, 2022, was $11.00 per hour, and as of January 1, 2023, is $12.00 per hour. Va. Code § 40.1-28.10(C), (D).

When computing whether the FLSA minimum wage provision has been violated, courts should calculate the average hourly wage and determine if it is greater than the required statutory minimum. *Blankenship v. Thurston Motor Lines*, 415 F.2d 1193, 1197 (4th Cir. 1969). Importantly, the FLSA does not require employees to be paid the minimum wage for every individual hour of work, so long as the average rate of pay over the total number of hours worked is above the statutory minimum. *Id.* at 1198. Therefore, to determine whether a

3

violation has occurred, a court divides the total number of hours worked in a given week by the total amount of compensation received. *Id.* at 1197–98. Provided that the resulting rate is above the minimum required by statute, the employer is compliant and no FLSA violation has taken place. *See id.*

C. **Davila has failed to state a claim upon which relief can be granted as to the minimum wage claim.**

In the amended complaint, ECF No. 10, Davila alleges that "[b]y requiring Mr. Davila to work hours for which he was not compensated at all, Defendant failed to pay Mr. Davila the required minimum wage." *Id.* at ¶ 35. However, there is no FLSA violation where each employee received during the workweek "compensation equal to or exceeding the product of the total number of hours worked and the statutory minimum hourly rate." *Blankenship*, 415 F.2d at 1198 (quoting *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 493 (2d Cir. 1960)). This calculation was applied in *Blankenship*, where the court determined that no minimum wage violation occurred because the employee's average compensation rate over the entire workweek was greater than the minimum wage at the time. *Id.* (reasoning that Blankenship's average of 60 hours worked per week, divided by his compensation of $115.00 to $120.00 per week, was well above the $1.25–$1.40 minimum wage rate at the time). Therefore, even though employees in both *Klinghoffer* and *Blankenship* agreed to work a specified period for certain compensation while working other periods for no compensation, no violation occurred if the average pay over the total time worked was above the statutory minimum. *See id.*

In Virginia, the FLSA requires that employees receive the greater of the federal or Virginia minimum wage. 29 U.S.C. § 218; *see also Balbed v. Eden Park Guest House, LLC,* 881 F.3d 285, 288 (4th Cir. 2018). Because the Virginia minimum wage, $11.00 and $12.00 per hour in 2022 and 2023, respectively, is greater than the federal minimum wage of $7.25 per hour, this

4

would mean that no FLSA violation took place so long as the average rate of pay was at least $11.00 per hour in 2022, and $12.00 per hour in 2023. Va. Code § 40.1-28.10 (C), (D); 29 U.S.C. § 206(a).

Davila's amended complaint asserts that he has been employed at a rate of $15.50 per hour since September 13, 2022. ECF No. 10, ¶ 27. Davila offers one pay period, October 30 to November 12, 2022, as an example. *Id.* at ¶ 30. During that pay period, he was paid for 94.87 hours, 14.87 of which were overtime. *Id.* He estimates that he worked an additional 3.33 hours counting, allocating, and sorting cash in the register at the end of each shift, for which he was not compensated. *Id.* at ¶ 31. Using this pay period provided by Davila, the average hourly rate, even after including the alleged 3.33 uncompensated hours, is still well above the statutory minimum in Virginia, regardless of whether the minimum is $11.00 or $12.00 per hour. ECF No. 10, ¶¶ 30–31; *see* ECF No. 13 at 4; *Blankenship*, 415 F.2d at 1198. Following the formula applied in *Blankenship* for determining minimum wage violations and applying it to the sample pay period provided by Davila, his average hourly wage over the course of the entire time worked can be calculated:

- ➢ 94.87 compensated hours + 3.33 uncompensated hours = 98.20 total hours
- ➢ 94.87 compensated hours x $15.50 per hour = $1,470.49 total compensation
- ➢ $1,470.49 total compensation / 98.20 total hours = **$14.97 per hour average wage**

During the sample pay period, Davila earned an average wage greater than the minimum of $11.00 per hour required in Virginia at that time. *See* Va. Code § 40.1-28.10 (C). "The FLSA does not guarantee that employees are paid for every hour of work," so long as the average net pay is greater than the mandatory minimum required by law. *Avery v. Chariots for Hire*, 748 F.

5

Supp. 2d 492, 501 (D. Md. Sept. 16, 2010). Davila implies that the pay period beginning on October 30, 2022, and ending on November 12, 2022, is representative of the entire time that he has been employed by SJ Perry. ECF No. ¶¶ 30–33. Even when the Virginia minimum wage increased to $12.00 per hour at the start of 2023, Davila's approximate hourly average wage of $14.97 would still be well above the required minimum. *See* Va. Code § 40.1-28.10 (D). Therefore, Davila has failed to allege that SJ Perry provided compensation beneath the statutory minimum wage over the course of any workweek, and there can be no violation of the FLSA on minimum wage grounds. *Blankenship*, 415 F.2d at 1198; *see* 29 U.S.C. § 218.

D. **Davila's argument based on *Conner v. Cleveland City* is inapplicable to minimum wage claims.**

Davila relies primarily on *Conner v. Cleveland City* in his opposition to SJ Perry's partial motion to dismiss, ECF No. 14, reasoning that the Fourth Circuit has laid out a different standard than the one articulated in *Blankenship* to determine whether sufficient factual allegations have been pled to overcome a 12(b)(6) motion to dismiss an FLSA claim. *Conner*, 22 F.4th at 4. To understand Davila's argument, one must have a basic understanding of the FLSA overtime compensation requirements. In addition to minimum wages, the FLSA entitles employees to overtime compensation for each hour worked above 40 in a workweek, at a rate not less than one and one-half times the regular rate of pay at which they are employed. *See* 29 U.S.C. § 207(a)(1). In determining the number of hours for which overtime compensation is due, the Department of Labor specifies that the extra pay for the excess hours of overtime work "*cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract . . . has been paid.*" 29 C.F.R. § 778.315. Therefore, whereas one would look to the statutory minimum to determine whether a minimum wage violation has taken place, the employment agreement is the starting point when considering

6

overtime compensation violations. *Id.*; *Monahan v. Cty. of Chesterfield*, 95 F.3d 1263, 1273 (4th Cir. 1996).

Davila maintains that the correct standard for Rule 12(b)(6) motions to dismiss FLSA minimum wage claims is the one laid out in *Conner*, which asks whether the complaint supports a reasonable inference that: 1) the employee worked overtime in at least one week; and 2) the employee was not paid all straight-time wages due under the employment agreement or applicable statute. *Conner*, 22 F.4th at 426. Critically, however, the two-prong test articulated in *Conner* only applies to "whether a plaintiff has pled sufficient factual allegations of an FLSA overtime gap time violation to overcome a Rule 12(b)(6) motion to dismiss." *Id.* An overtime gap time violation is a type of overtime violation; one where an employee who has not yet been paid for all the regular time they have worked cannot have been properly paid for overtime hours. *Id.* at 424. While Davila is correct that when determining if an overtime violation has taken place courts must first ask whether all regular time compensation has been paid pursuant to the employment agreement, that standard is only relevant to overtime gap time claims. *Id.* (citing *Hall v. DIRECTV, LLC*, 846 F.3d 757, 776–77 (4th Cir. 2017)); *see also* 29 C.F.R. § 778.315.

Although Davila has adequately alleged that he has not been paid all regular time compensation pursuant to his employment agreement, which is sufficient to raise an inference of an overtime gap time violation, he has not alleged that his compensation during any workweek was less than the statutory minimum, which is required to bring a FLSA claim for minimum wages. *See* ECF No. 10. Therefore, although Davila's opposition lays out the correct standard for FLSA overtime gap time claims, SJ Perry's partial motion to dismiss is directed only at the

minimum wage claim. ECF No. 15. As a result, the *Conner* test is inapplicable to the present motion, which does not address Davila's overtime claim. ECF No. 15.

### III. CONCLUSION

SJ Perry's partial motion to dismiss Davila's minimum wage claim is **GRANTED**.

The Clerk will forward a copy of this order to all counsel of record.

/s/ 
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
September 6, 2023